**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq. (SBN 185123)
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq. (SBN 260264)
kelsey@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel: (818) 990-8300, Fax (818) 990-2903

**DAVTYAN LAW FIRM, INC.**
EMIL DAVTYAN, Esq. (SBN-299363)
emil@davtyanlaw.com
880 E. Broadway
Glendale, CA 91205
Tel: (818) 875-2008, Fax (818) 722-3974

Attorneys for Plaintiff and the Proposed Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE NEWSOME, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>GRAYBAR ELECTRIC COMPANY, INC.; and DOES 1 thru 50, inclusive<br><br>DEFENDANTS. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b(b)(2)(A)(i);<br>2. Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b(b)(2)(A)(ii);<br><br>**DEMAND FOR A JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff ANDRE NEWSOME ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

## I.

## INTRODUCTION

1.     Defendant GRAYBAR ELECTRIC COMPANY, INC. ("Defendant") is a New York Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.     Defendant specializes in supply chain management services and is a distributor of components, equipment, and materials to the construction market, the commercial, institutional, and government market, and the industrial and utility markets.[1]

3.     Plaintiff applied, was hired, and performed work for Defendant in California.

4.     Upon information and belief, during the application process, Plaintiff filled out Defendant's standard "Authorization to Obtain Employment Background Report" form ("standard FCRA form") permitting Sterling Infosystems, Inc. to obtain a consumer report verifying Plaintiff's background and experience.

5.     Defendant's standard FCRA form is attached hereto as **Exhibit 1**.  This form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

6.     Defendant's standard FCRA form is invalid on two separate grounds. First, Defendant's standard FCRA form violates the "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure").  *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1175 (9th Cir. 2019).  Defendant's standard FCRA form contains a liability release.  *Syed v. M-I, LLC* (9th Cir. 2017) 853 F.3d

[1] https://www.graybar.com

**CLASS ACTION COMPLAINT**

492, 503 ["including the waiver violated the statute's 'solely' requirement."]

7.    Second, Defendant's standard FCRA form violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) because Defendant's FCRA disclosure combines both federal and state disclosures. *Id*. at 1176.

8.    Since Defendant's standard FCRA disclosure is non-compliant, Plaintiff did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

9.    Plaintiff now brings this Class Action on behalf of himself and a nationwide class, defined as:

> All employees in the United States who filled out GRAYBAR ELECTRIC COMPANY, INC.'s standard "Authorization to Obtain Employment Background Report" form that contains a liability release and/or combines federal and state disclosures any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed Class")

## II.
## JURISDICTION AND VENUE

10.    The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA.

11.    Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.
## THE PARTIES

A.    PLAINTIFF

12.    Plaintiff applied, was hired, and performed work for Defendant in California from September 2019 through July 2020 as a non-exempt hourly

employee with the title of "Inside Sales Representative II."

13.     Plaintiff completed Defendant's standard FCRA form.

B.     <u>DEFENDANT</u>

14.     Defendant is a New York Corporation.  At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of California including hiring and employees such as Plaintiff.

15.     Defendant's entity address listed with the California Secretary of State is 34 N. Meramec Ave, Clayton MO, 63105.

16.     Defendant requires Plaintiff and all other persons similarly situated to fill out Defendant's standard FCRA form (Exhibit 1) permitting Defendant to obtain a consumer report verifying the applicant's background and experience.

17.     Plaintiff is informed and believes and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each Defendant are legally attributable to the other Defendant(s).

## IV.

## NATURE OF THE ACTION

18.     The FCRA provides individuals with a number of rights. Specifically, pertaining to employment-related background checks referred to as "consumer reports", the FCRA provides that a prospective employee must give valid written authorization to the background check after receiving a compliant written disclosure.

19.     The FCRA's disclosure and authorization requirements are listed in 15 U.S.C. § 1681b(b)(2)(A).

## V.

## FACTUAL ALLEGATIONS

20.     Plaintiff applied to work for Defendant in California.  In connection

with his employment application, Plaintiff was required to fill out Defendant's standard FCRA form (Exhibit 1) permitting Defendant to obtain a consumer report verifying Plaintiff's background and experience.

21.    Upon information and belief, Defendant required all applicants to complete the same standard FCRA form.

22.    Defendant's standard FCRA form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

23.    Defendant's standard FCRA form contained extraneous information such as a liability release and state disclosures in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s so-called "standalone" disclosure and "clear and conspicuous" requirements.  *Syed*, 853 F.3d 492, 500-503; *Gilberg*, 913 F.3d at 1175-76.

24.    Defendant's standard FCRA form states: "In addition, I release Graybar, and any party contacted by Graybar from any and all claims, demands and liabilities arising out of or related to such investigation or disclosure." (See Exhibit 1.)

25.    Defendant's standard FCRA form states: "Washington State Applicants only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act." (See Exhibit 1.)

26.    Defendant's standard FCRA form states: "New York Applicants Only: By signing the authorization, you acknowledge that you have received a copy of New York Correction Law Article 23-A. You have the right, upon written request, to be informed whether an investigative consumer REPORT was requested. If such a REPORT was requested, you will be provided with the name and address of the consumer reporting agency that prepared the REPORT and you can contact that agency to inspect or receive a copy of the REPORT." (See Exhibit 1.)

27.    Plaintiff was confused by Defendant's standard FCRA form.

28.    Since Defendant's standard FCRA form was non-compliant, Plaintiff

CLASS ACTION COMPLAINT

did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

29.     Nevertheless, Defendant procured or caused to be procured Plaintiff's consumer report.

30.     Defendant's failure to provide a compliant disclosure, and failure to obtain proper authorization, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. § 1681b(b)(2)(A). *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017).

31.     By including extraneous information in its standard FCRA disclosure, Defendant's conduct is contrary to the plain language of the statute, case law, and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

32.     Thus, Defendant "willfully" violated the FCRA.  Defendant knew that its standard FCRA disclosure must not contain surplus or extraneous information related to state disclosures and must be clear and not likely to confuse a reasonable reader.

## VI.

## THE CLASS

33.     Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent a Class defined as follows:

> All employees in the United States who filled out GRAYBAR ELECTRIC COMPANY, INC.'s standard "Authorization to Obtain Employment Background Report" form that contains a liability release and/or combines federal and state disclosures any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed Class")

34.     Plaintiffs reserve the right to amend or modify the Class definition/description with greater specificity or further division into subclasses or

limitation to particular issues.

35.   This class action on behalf of members of the Proposed Class meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A.   Numerosity

36.   The Proposed Class is so numerous that joinder of all class members is impracticable.

37.   While the precise number of members of the Proposed Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

38.   Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Class.

B.   Commonality

39.   There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

      a.   Whether Defendant's standard FCRA disclosure (Exhibit 1) meets 15 U.S.C. §1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement;

      b.   Whether Defendant's standard FCRA disclosure is "in a document that consists solely of the disclosure" (15 U.S.C. §1681b(b)(2)(A)(i));

      c.   Whether Defendant acquires applicants' consumer reports without authorization in violation of 15 U.S.C. §1681b(b)(2)(A)(ii); and

      d.   Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. §1681n.

///

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.     Typicality

40.     The claims of the named Plaintiff are typical of the claims of the members of the Proposed Class.

41.     Plaintiff is a member of the Proposed Class. Plaintiff was an applicant and filled out Defendant's "Authorization to Obtain Employment Background Report" form (Exhibit 1) during his application process. Plaintiff was subjected to the same unlawful practices as other members of the Proposed Class.

42.     Plaintiff suffered the same injuries and seeks the same relief as the members of the Proposed Class.

D.     Adequacy of Representation

43.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Class.

44.     Counsel for Plaintiff are competent and experience in litigation large complex consumer and wage and hour class actions.

E.     Predominance and Superiority of a Class Action

45.     A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members.

46.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

47.     Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to

many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the members of the Proposed Class to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## [15 U.S.C. § 1681B(B)(2)(A)(I), *ET SEQ.*]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

48.     Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

49.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

    (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

    (ii)     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

50.     Defendant's standard FCRA form is unlawful on two separate grounds.

51.     First, Defendant's FCRA disclosure violates the so-called "standalone"

disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendant's FCRA disclosure includes a liability release and combines both federal and state disclosures, among other extraneous and irrelevant information. *Syed*, 853 F.3d at 500-503; *Gilberg*, 913 F.3d at 1175.

52.    Second, Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i).  The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures." *Gilberg*, 913 F.3d at 1176.

53.    The violations of the FCRA were willful based on the clear statutory text, case law guidance, and regulatory guidance. The statutory text of the standalone requirement is straightforward.  The word "solely" in subsection (i) and the one express exception in subsection (ii), which allows the authorization to be on the same document as the disclosure, shows that "the FCRA should not be read to have implied exceptions[.]" *Gilberg*, 913 F.3d at 1175 (citing to *Syed*, 853 F.3d at 501-03).

54.    Defendant also had specific case law to provide guidance. *See Gilberg*, 913 F.3d at 1175 ("*Syed*'s holding and statutory analysis were not limited to liability waivers; *Syed* considered the standalone requirement with regard to *any surplusage*") (citing to *Syed*, 853 F.3d at 501) (emphasis added).

55.    Lastly, informal guidance from the FTC is unambiguous that no extraneous information should be included in the FCRA disclosure.  *See* FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC, Opinion Letter, 1998 WL 34323756, at *1 (June 12, 1998) (inclusion of a waiver in a

disclosure form violates Section 1681b(b)(2)(A)).

56.     In addition, Defendant's violation of the "clear and conspicuous disclosure" requirement was willful.  Defendant knew that its standard disclosure form must be clear and not contain extraneous information, such as state disclosures, that would confuse a reasonable reader.

57.     Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

58.     Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. §1681n(a)(2).

59.     Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## VIII.
## SECOND CAUSE OF ACTION
## FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN VIOLATION OF THE FCRA
## [15 U.S.C. § 1681B(B)(2)(A)(II)]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED CLASS AGAINST ALL DEFENDANTS)

60.     Plaintiff, and the other members of the Proposed Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

61.     Since Defendant's standard FCRA form contains extraneous information, such as a liability release and state disclosures, the FCRA disclosure does not consist "solely" of the disclosure nor is it "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

62.     Since Defendant's standard FCRA form was non-compliant, Plaintiff

did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

63.     Nevertheless, Defendant procured a consumer report or caused a consumer report to be procured for employment purposes on Plaintiff and the Proposed Class in violation of 15 U.S.C. § 1681b(b)(2)(A).

64.     This violation of the FCRA is willful. 15 U.S.C. §1681n.  Defendant knew that its standard FCRA form must standalone and must be clear and conspicuous. In addition, Defendant knew that proper authorization is not possible without a legally compliant disclosure.

65.     Plaintiff and all other members of the Proposed Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

66.     Plaintiff and all other members of the Proposed Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681n(a)(2).

67.     Plaintiff and all other members of the Proposed Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1.     On behalf of the Proposed Class:

    A)     That the Court certify the First and Second Causes of Action asserted by the Proposed Class as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)     A determination and judgment that Defendant willfully violated 15 U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA;

    C)     Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and all other members of the Proposed Class in an amount

1  |  equal to $1,000 for Plaintiff and all other members of the Proposed
2  |  Class for Defendant's willful violation of the FCRA;

3  D)  Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to
4  |  Plaintiff and all other members of the Proposed Class;

5  E)  An award for costs of suit and reasonable attorneys' fees pursuant to 15
6  |  U.S.C. § 1681n(a)(3); and,

7  F)  Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: February 9, 2021          KINGSLEY & KINGSLEY, APC

By: _____
     Eric B. Kingsley
     Kelsey M. Szamet
     Attorneys for Plaintiff

EXHIBIT "1"

**Consent to Use of Electronic Records and Signatures**

You have the opportunity to complete and sign documents, as well as receive notices and other documents related to your employment candidacy and background check, in electronic rather than paper form. To agree to these uses of electronic documents and signatures, and to sign this document with the same effect as physically signing your name, click the "Sign" button at the bottom of this page after reviewing the information below.

In order to sign, complete and receive documents electronically you will need the following:

   a.  A personal e-mail address;
   b.  A computer or other device with standard e-mail software;
   c.  Current version of Internet Explorer, Firefox, Google Chrome, or Safari;
   d.  A connection to the Internet; and
   e.  A printer if you want to print paper copies.

Alternatively, you may elect to use and sign paper versions of documents related to your application, including the background check. To do so, please contact the company representative that sent you this request.

By clicking "Sign" below, you consent to sign, complete and receive documents relating to your application and background check during both this session and any future sessions relating to your application. Additionally, you consent to electronically receive: communications relating to your application and associated background check, including requests for additional information; notices of actions taken on your application required by law, including the Fair Credit Reporting Act; and notices of your rights under federal or state laws.

Your consent applies to documents completed, signed or provided via this website, as well as to documents transmitted via email.

You have the right to withdraw your consent at any time by calling Sterling at 1-800-943-2589, emailing client.support@sterlingts.com, or writing to: Sterling (ESign Center), 5750 West Oaks Blvd. Suite 100, Rocklin, CA 95765. After withdrawing your consent, please also contact the company representative that sent you this request to make arrangements to receive paper copies of documents and communications.

If your contact information changes, please call Sterling at 1-800-943-2589, email: client.support@sterlingts.com, or write to: Sterling (ESign Center), 5750 West Oaks Blvd. Suite 100, Rocklin, CA 95765.

After consenting, you can obtain copies of documents and communications relating to your candidacy and associated background check by: (1) using your browser to print paper copies or save electronic copies of documents or screens during this session and future sessions; (2) selecting one of the options on the "Thank You" page at the end of this session; or (3) calling Sterling at 1-800-943-2589 to request that paper copies be mailed to you at no charge.

I understand that by typing my name where indicated below, and then clicking on "Sign," I consent to the use of electronic records and signatures in the manner described above, and the electronic storage of such documents.

**Type name:**  Andre Newsome

**Disclosure Regarding Employment Background Report**

Graybar Electric Company, Inc. ("COMPANY") may obtain from Sterling Infosystems, Inc. ("STERLING"), 1 State Street, New York, NY 10004, (877) 424-2457, www.sterlinginfosystems.com, a consumer report and/or an investigative consumer report ("REPORT") that contains background information about you in connection with your employment or employment application. If you are hired, to the extent permitted by law, COMPANY may obtain from STERLING further reports throughout your employment for an employment purpose without providing further disclosure or obtaining additional consent.

The REPORT may contain information about your character, general reputation, personal characteristics and mode of living. The REPORT may include, but is not limited to, credit reports and credit history information; criminal and other public records and history; public court records (e.g., bankruptcies, tax liens and judgments); motor vehicle and driving records; educational and employment history, including professional disciplinary actions; drug/alcohol test results; and Social Security verification and address history, subject to any limitations imposed by applicable federal and state law. This information may be obtained from public record and private sources, including credit bureaus, government agencies and judicial records, former employers and educational institutions, and other sources.

If an investigative consumer REPORT is obtained, in addition to the description above, the nature and scope of any such REPORT will be employment verifications and references, or personal references.

☐ **California, Maine, Massachusetts, Minnesota, New Jersey & Oklahoma Applicants Only:**
I have the right to request a copy of any Report obtained by ORGANIZATION from STERLING TALENT SOLUTIONS by checking the box.(Check only if you wish to receive a copy)

**State Law Notices Relating to Your Background Report**

**Washington State Applicants only:** You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

**New York Applicants Only:** By signing the authorization, you acknowledge that you have received a copy of New York Correction Law Article 23-A. You have the right, upon written request, to be informed whether an investigative consumer REPORT was requested. If such a REPORT was requested, you will be provided with the name and address of the consumer reporting agency that prepared the REPORT and you can contact that agency to inspect or receive a copy of the REPORT.

*Para informacion en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.*

### A Summary of Your Rights Under the Fair Credit Reporting Act

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment - or to take another adverse action against you - must tell you, and must give you the name, address, and phone number of the agency that provided the information.

- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
- a person has taken adverse action against you because of information in your credit report;
- you are the victim of identify theft and place a fraud alert in your file;
- your file contains inaccurate information as a result of fraud;
- you are on public assistance;
- you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your credit-worthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that

are more than 10 years old.

- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or otherbusiness. The FCRA specifies those with a valid need for access.

- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).

- The following FCRA right applies with respect to nationwide consumer reporting agencies:

**Consumers have the right to obtain a security freeze**

**You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.** The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer**

**protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT: |
| --- | --- |
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street, N.W.<br>Washington, DC 20552<br><br>b. Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br>(877) 382-4357 |
| 2. To the extent not included in item 1 above:<br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br><br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>1301 McKinney Street, Suite 3450<br>Houston, TX 77010-9050<br><br>b. Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br>c. FDIC Consumer Response Center<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d. National Credit Union Administration<br>Office of Consumer Financial Protection (OCFP)<br>Division of Consumer Compliance Policy and Outreach<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Asst. General Counsel for Aviation Enforcement & Proceedings<br>Aviation Consumer Protection Division<br>Department of Transportation<br>1200 New Jersey Avenue, S.E.<br>Washington, DC 20590 |
| 4. Creditors Subject to the Surface Transportation Board | Office of Proceedings, Surface Transportation Board<br>Department of Transportation<br>395 E Street, S.W.<br>Washington, DC 20423 |
| 5. Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Administration area supervisor |
| 6. Small Business Investment Companies | Associate Deputy Administrator for Capital Access<br>United States Small Business Administration<br>409 Third Street, S.W., Suite 8200<br>Washington, DC 20416 |

| | |
|---|---|
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street, N.E.<br>Washington, DC 20549 |
| 8. Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, N.W.<br>Washington, DC 20580<br>(877) 382-4357 |

**Consumers have the right to obtain a security freeze**

You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit. As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years. A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

Authorization to Obtain Employment Background Report

I have read the Disclosure Regarding Employment Background Report provided by Graybar Electric Company, Inc. ("COMPANY") and this Authorization to Obtain Employment Background Report. By my signature below, I hereby consent to the preparation by Sterling Infosystems, Inc. ("STERLING"), a consumer reporting agency located at 1 State Street, New York NY 10004, (877) 424-2457, www.sterlinginfosystems.com, of background reports regarding me and the release of such reports to the COMPANY and its designated representatives, to assist the COMPANY in making an employment decision involving me at any time after receipt of this authorization and throughout my employment, to the extent permitted by law. To this end, I hereby authorize, without reservation, any state or federal law enforcement agency or court, educational institution, motor vehicle record agency, credit bureau, or other information service bureau or data repository, or employer to furnish any and all information regarding me to STERLING and/or the COMPANY itself, and authorize STERLING to provide such information to the COMPANY. I agree that a facsimile ("fax"), electronic or photographic copy of this Authorization shall be as valid as the original.

I acknowledge receipt of a copy of the Consumer Financial Protection Bureau's "A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT."

_____        _____

Signature:                                                              Today's Date:

Please Type Your Name *                          Andre Newsome

Dated (mm/dd/yyyy) *                              9/9/2019

For Purposes of Audit - E-SignID: 17712880, Andre Newsome, Date Signed on 9/9/2019 at 6:13 PM

# eSignature

## eSignature

Please read the following statement carefully, then acknowledge that you have read and approved it by providing the information requested at the bottom of the page. Please note that an esignature is the electronic equivalent of a hand-written signature.

I certify that the answers given to the questions and the statements made (including statements on the attached resume, and inserted forms if any) on this application and in the hiring process are true and correct to the best of my knowledge. I understand that a false statement, a false answer, an omission or a misleading statement may result in a decision not to hire me, the withdrawal of any offer of employment, or the termination of my employment with Graybar Electric Company, Inc. regardless of when such false, misleading, or erroneous information is discovered.

I understand that if hired, unless I am employed under a specific written contract or collective bargaining agreement, my employment with the company will be "at will" and that my employment may be terminated at any time with or without cause and with or without notice at the option of Graybar Electric Company, Inc.. I understand that no representative of Graybar Electric Company, Inc. has any authority to make any assurances, representations or promises contrary to the "at-will" nature of my employment unless it is in writing by an authorized officer of the company. I understand that I may terminate my employment with or without cause and with or without notice at any time. I further agree that Graybar Electric Company, Inc. reserves the right to make unilateral changes to the terms and conditions of my employment. I agree that this application represents the entire agreement between the Company and me and it supersedes any prior agreement or understanding I may have had, whether oral or written.

In consideration for employment, I agree to abide by all rules, policies and General Instructions ("Policies") and that these Policies do not create an actual or implied contract for employment. I also understand that Graybar may unilaterally change or revise its Policies and such changes may include a reduction in my compensation and/or benefits.

I authorize Graybar Electric Company, Inc. through its employees and/or agents ("Graybar") to investigate my background relevant to my application for employment. I authorize my present and former employers, references, or others to disclose information relating to me. In addition, I release Graybar, and any party contacted by Graybar from any and all claims, demands and liabilities arising out of or related to such investigation or disclosure.

## Do Not E-Sign Until You Have Read The Above Statement.

By my eSignature below, I certify that I have read, fully understand and accept all terms of the foregoing statement. Please signify your acceptance by entering the information requested in the fields below.

* Please enter your full name:                    * Email Address